# IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In the Matter of: | } |
| | } Case No. 22-07196 |
| Rita Eneya Katsap | } |
| | } Chapter 7 |
| | } |
| Debtor | } Honorable A. Benjamin Goldgar |

## NOTICE OF MOTION

TO:    See attached Service List

      PLEASE TAKE NOTICE that on August 5, 2022, at 11:00 AM, I will appear before the Honorable A. Benjamin Goldgar, or any judge sitting in that judge's place, and present the motion of Federov Kozlov, P.C. to Extend Time To Object To Discharge/Dischargeability, a copy of which is attached.

      This motion will be presented and heard electronically using Zoom for Government. No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

      To appear by video, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

      To appear by telephone, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

      Meeting ID and password. The meeting ID for this hearing is 160 817 7512 and the password is 623389. The meeting ID and password can also be found on the judge's page on the court's web site.

      If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) businesses days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

By /s/Michal Fus
Michal Fus
Chicago Legal Solutions, LLP
110 Higgins Rd
Park Ridge, IL 60068
mfus@chicagolegalsolutions.com

# CERTIFICATION

      I, the undersigned Attorney, certify the following: That for the parties listed on the attached services list under the heading "Notice sent by first class mail sent through the USPS" I served notice sent by first class mail sent through the USPS by depositing a copy of the motion to the name and address listed with the US Post Office in Chicago, IL. That for the parties listed on the attached services list under the heading "Notice sent by electronic mail" I served notice sent by electronic mail. That for the parties listed on the attached services list under the heading "Notice sent by electronic mail associated with ECF filing" I served notice by filing the motion with ECF that would result in notice being provided to the creditors the following day. These notices were sent on or will be sent before 11:59PM on July 25, 2022.

      <u>Notice sent by first class mail sent through the USPS</u>

      Bradley S Chelin, Counsel for Debtor
      1454 Miner Street
      Des Plaines, IL 60016

      <u>Notice sent by electronic mail associated with ECF filing</u>
      Bradley S Chelin, Counsel for Debtor
      Chapter 7 Trustee, Joseph E. Cohen
      Patrick S Layng. Office of the U.S. Trustee, Region 11

**IN THE UNITED STATES BANKRUPTCY COURT**
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In the Matter of: | } |
| | } Case No. 22-07196 |
| Rita Eneya Katsap | } |
| | } Chapter 7 |
| | } |
| Debtor | } Honorable A. Benjamin Goldgar |

**MOTION TO EXTEND TIME TO OBJECT TO DISCHARGE/DISCHARGEABILITY**

NOW COMES FEDOR KOZLOV, P.C., Creditor and Party in Interest, by and through their undersigned attorney, and for a Motion to Extend Time to Object Discharge / Dischargeability, states to this Honorable Court as follows:

1. Rita Eneya Katsap ("Debtor") filed her Voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. ["the Code"] on June 27, 2022.

2. The Debtor's filing was missing schedules A, B, C, D, E-F, G, H, I, J, Statement of Financial Affairs, Form 122A..

3. The Debtor filed the missing schedules on July 11, 2022.

4. There are still schedules that have not been completed and there appear to be apparent gaps in the schedules that have been filed.

5. Fedor Kozlov, P.C.,("Creditor") is listed on schedule F as an general unsecured creditor for $52,083.54.  The total amount of the debts listed on schedule F are $55,245.39.

6. The Creditor currently is investigating possible misrepresentations in this case and does not wish to waive their rights regarding denial of the Debtor's discharge or the dischargeability of any debts in this matter until due diligence is completed.

7. The deadline to file a complaint to determine the dischargeability of the Debtor's debts or to oppose the Debtor's discharge in this case is September 27, 2022.

8.  Federal Rule of Bankruptcy Procedure 4004(b) and 9006(b)(1)(1) permits this Court to extend the time for the filing of a complaint to determine discharge for cause, upon request, as long as that request is filed before the expiration of the time period allotted for the filing of a complaint regarding discharge or determine dischargeability of debts under 11 U.S.C. § 523. 15.

9.  Under Bankruptcy Rule 4004(b)(1), "[o]n motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge."

10. Bankruptcy Rule 1017(e)(1) similarly provides that "[e]xcept as otherwise provided in §704(b)(2), a motion to dismiss a case for abuse under §707(b) or (c) may be filed only within 60 days after the first date set for the meeting of creditors under §341(a), unless, on request filed before the time has expired, the court for cause extends the time for filing the motion to dismiss."

11. Timing is difficult relative to the objection to discharge deadline. Since before the Chapter 7 Case, Creditor has sought recovery of some portion of their debts through the divorce proceeding. The outcome of the divorce proceeding, or anything else concerning the divorce, may inform Creditor's need for and interest in any further activity in the Chapter 7 Case. For example, if Creditor recovers far less than they are owed, they may require a determination of nondischargeability of the debt to continue the collection activities. Further, Creditor may also require time to consider and conduct a Rule 2004 examination of the Debtor.

12. The time period for the filing of a complaint objecting to discharge has not expired as of the date and time of the filing of this Motion.

13. This case is complicated and requires substantial due diligence.

14. Failure to extend these deadlines may also prejudice Creditor, the Debtor, and the Court by forcing Creditor to hastily file a complaint or motion to dismiss. Creditor may then consider what, if any, action he would like to take concerning dischargeability or dismissal.

15. At this time, Creditor requests an additional six (6) months from the present discharge

date, for objections to discharge and dischargeability for all individuals and entities identified herein with the understanding that further extensions may be required.

WHEREFORE, Creditor, Fedor Kozlov, requests that this Court extend the deadline for them, and all other creditors and other parties in interest to object to the Debtor's discharge and dischargeability herein and grant such other and further relief as this Honorable Court may deem just and proper.

Respectfully Submitted,

By /s/Michal Fus
Michal Fus
Chicago Legal Solutions, LLP
110 Higgins Rd
Park Ridge, IL 60068
mfus@chicagolegalsolutions.com